UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BOBBY JOE KEMP, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:14-CV-135 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

This matter is before the Court on the motion of Bobby Joe Kemp to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.[1] The United States has filed a response in opposition.

**I. Background**

On May 20, 2013, Kemp pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count I) and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count II). The penalties for the offense in Count I included a mandatory minimum sentence of 10 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Based on his prior felony convictions, Kemp was found to be a career offender with respect to Count I (*see* U.S.S.G. §4B1.1) and an armed career criminal with respect to Count II (*see* 18 U.S.C. §924(e)(1) and U.S.S.G. §4B1.4(a)). As a result of the armed career criminal designation, Kemp faced a mandatory minimum sentence of 15

---
[1] Kemp has also filed a supplement to his motion to vacate in which he seeks relief based on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, 136 S.Ct. 2243 (2016). [Doc. # 9]. The issues raised in the supplement will be addressed in a separate order.

years' imprisonment for the firearm offense. On November 26, 2013, Kemp was sentenced to concurrent terms of 210 months' imprisonment.[2] He did not appeal the judgment.

## II. Discussion

### A. Ineffective Assistance of Counsel

In the instant motion, Kemp asserts that he was denied effective assistance of counsel. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, *466 U.S. 668, 688 (1984)*. With respect to the first *Strickland* prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. <u>Id. at 689</u>. In *Strickland*, the Supreme Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland, 466 U.S. at 690*.

---

[2] The imprisonment range under the applicable sentencing guidelines was 324-405 months.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. at 694*. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)*.

**Ground One**

Kemp's first claim is that defense counsel's failure to challenge the armed career criminal designation in light of *Descamps v. United States*, ___ U.S.___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), constituted ineffective assistance. At the time he was sentenced, Kemp had three Missouri felony convictions for burglary second degree. He contends that after the ruling in *Descamps,* burglary second degree no longer qualifies as a violent felony for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4(a).

In *Descamps*, the Supreme Court held that a sentencing court, in determining whether a defendant's prior conviction qualifies as a predicate offense under the ACCA, "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S.Ct. at 2282. The defendant in *Descamps* had a prior conviction for burglary under California law. The Supreme Court ruled that because a conviction under the California statute "is never for generic burglary" the defendant's conviction was not a predicate violent felony under the ACCA. *Id*. at 2293.

3

In *United States v. Olsson*, 713 F.3d. 441 (8th Cir. 2013), the Eighth Circuit held that a defendant's Missouri conviction for burglary second degree constituted a "crime of violence" for purposes of the career offender guideline, U.S.S.G. § 4B1.1. *Id.* at 449-50. The defendant sought review by the United States Supreme Court which remanded the case to the appellate court for reconsideration in light of *Descamps*. *Olsson v. United States*, ___ U.S. ___, 134 S.Ct. 530, 187 L.Ed.2d 361 (2013). On remand, the court of appeals found that "the basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense" and concluded that a conviction under the Missouri statute qualifies as a crime of violence. *United States v. Olsson,* 742 F.3d 855, 856 (8th Cir. 2014).

At the time of Kemp's sentencing, the law in the Eighth Circuit was that a Missouri burglary second degree conviction was a crime of violence. *Olsson*, 713 F.3d. at 449-50. Any assertion to the contrary would have been unsuccessful. Further, the law in the circuit remained unchanged after *Descamps* was decided. *Olsson,* 742 F.3d at 856. Thus, a claim based on *Descamps* would have been futile. Kemp has not shown that his attorney's failure to assert *Descamps* in challenging his status as a career offender or as an armed career criminal was objectively unreasonable or that he was prejudiced.

### Ground Two

Kemp's second claim is that he was denied effective assistance as a result of his attorney's failure to object to the imposition of a mandatory minimum sentence based on a drug quantity that was not determined by a jury. His argument is premised on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d

4

314 (2013), in which the Supreme Court held that a factor that triggers a mandatory minimum sentence is an "element" that has to be found by a jury beyond a reasonable doubt. 133 S.Ct. at 2163.

By virtue of his guilty plea, Kemp admitted that the quantity of methamphetamine distributed in the conspiracy was 500 grams or more. *See United States v. Bobby Joe Kemp*, Case No. 1:13-CR-22 (CEJ), *Guilty Plea Agreement* [Doc. # 32]. Because of his admission, it was unnecessary for a jury to determine the quantity. Kemp is not entitled to relief on this claim.

### B. Amendment 782

Kemp's final claim is that he is entitled to relief under Amendment 782 to the United States Sentencing Guidelines, which reduced most of the offense levels in U.S.S.G. § 2D1.1 (Drug Quantity Table) by two levels.

A motion to reduce sentence under 18 U.S.C. § 3582(c)—not a motion to vacate—is the correct means for seeking relief based on an amendment to the Sentencing Guidelines. Even if Kemp had chosen the right vehicle for his request, he would not be entitled to a sentence reduction. Kemp was designated as a career offender with respect to Count I, and he was sentenced based on that designation—not based on the guidelines affected by Amendment 782. As such, he is not entitled to a sentence reduction based on the amendment.

### III. Conclusion

For the reasons discussed above, the Court concludes that motion and the files and records of this case conclusively show that Kemp is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts his motion to vacate. Therefore, the motion will be denied without a hearing. *See* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Kemp

5

has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

                                                    _____
CAROL E JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2017.