```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                        SOUTHEASTERN DIVISION
```

BOBBY JOE KEMP,                )
                               )
         Movant,               )
                               )
    v.                         )  No. 1:14-CV-135 (CEJ)
                               )
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )

## MEMORANDUM AND ORDER

This matter is before the Court on the supplemental motion of Bobby Joe Kemp to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response.

**I. Background**

On May 20, 2013, Kemp pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count I) and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count II). Because of the quantity of methamphetamine, the penalties for the offense in Count I included a mandatory minimum sentence of 10 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Kemp had three prior Missouri convictions for burglary second degree. Based on the prior felony convictions, Kemp was found to be a career offender with respect to Count I (*see* U.S.S.G. §4B1.1) and an armed career criminal with respect to Count II (*see* 18 U.S.C. §924(e)(1) and U.S.S.G. §4B1.4(a)). As a result of the armed career criminal designation, Kemp faced a mandatory minimum sentence of 15 years' imprisonment for the firearm offense. 18 U.S.C. §924(e)(1).

On November 26, 2013, Kemp was sentenced to concurrent terms of 210 months' imprisonment.[1]

## II. Discussion

In the supplemental motion, Kemp seeks relief based on *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), in which the Supreme Court held that a prior conviction does not qualify as the generic form of a predicate violent felony listed in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), when the elements of the statute on which the prior conviction is based are broader than the elements of the generic form of the offense. *Mathis*, 136 S,Ct. at 2257. In in its response, the United States concedes that in light of the *Mathis* decision, Kemp's conviction for second degree burglary of a building or inhabitable structure does not qualify as generic burglary under the ACCA. Therefore, Kemp does not have the requisite number of violent felony convictions to support the armed career criminal designation with respect to Count II. The mandatory minimum sentence of 15 years' imprisonment under § 924(e)(1) no longer applies. Instead, the maximum sentence of imprisonment for the felon in possession offense is ten years. 18 U.S.C. § 924(a)(2). Kemp must be re-sentenced on Count II because the 210-month sentence he received exceeds the statutory maximum for the offense.

Because *Mathis* involved the ACCA, the decision no application to the 210-month sentence of imprisonment Kemp received on Count I. As discussed above, Kemp was designated a career offender under U.S.S.G. 4B1.1(a) with respect to the methamphetamine offense in Count I. Section 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of

---

[1] The imprisonment range under the applicable sentencing guidelines was 324-405 months.

conviction; (2) the offense of conviction is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. As relevant here, the term "crime of violence" in U.S.S.G. §4B1.2(a) is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or that is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm as defined in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

In *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that the residual clause of the ACCA, which defined "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutional. The decision in *Johnson* is inapplicable in this case, because the Supreme Court has held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause and, more specifically, that the "crime of violence" clause of U.S.S.G. 4B1.2(a) is not void for vagueness. *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 895 (2017). Accordingly, Kemp is not entitled to be re-sentenced on Count I.

****

For the reasons set forth above, the judgment entered on Count II will be vacated, and Kemp will be re-sentenced on that count without application of the ACCA.

Accordingly,

**IT IS HEREBY ORDERED** that the supplemental motion of Bobby Joe Kemp to vacate, set aside, or correct sentence [Doc. # 9] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be filed in the underlying criminal case, <u>United States v. Bobby Joe Kemp</u>, No. 1:13-CR-00022 (CEJ).

An order vacating the judgment on Count II will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2017.